CHIEF JUSTICE GRAY,
specially concurring.
¶29 I concur in the result the Court reaches in this case, but not with everything said in the Court’s opinion.
¶30 The common law in Montana prior to Kienenberger was that a parent was not liable for a minor child’s tort except under limited (exceptions enacted by the Legislature or where the child acted as the agent or employee of the parent. Kienenberger, 257 Mont. at 117-18, 848 P.2d at 475. The common law remained unchanged after Kienenberger as the result of our decision therein that it was not necessary “to expand these limited exceptions to the common-law rule of nonliability” of a parent for a minor child’s tort. Kienenberger, 257 Mont. at 118, 848 P.2d at 476. The common law on this subject remains *48 the same after our decision in the present case. No new exception to the common law rule that a parent is not liable for a child’s tort is created here.
¶31 Our decision today imposes responsibility on a parent for the parent’s own conduct or lack thereof. That is, where a parent does not exercise reasonable care in controlling certain types of a minor child’s conduct under certain limited circumstances, the parent may be liable for his or her action or inaction. This duty is anything but a generic “duty to supervise” a minor child. Indeed, I predict that a plaintiff alleging a breach of a parent’s duty in this regard will have a “tough row to hoe” in avoiding summary judgment and, thereafter, in convincing a jury-among other things-that a parent “knows or should know of the necessity and opportunity” of exercising control over her or his minor child.
¶32 With regard to the Court’s overruling of Kienenberger “to the extent that it is inconsistent” with the opinion in the present case, I am not persuaded that any inconsistency exists. As stated in that case, we declined to adopt § 316 “as an exception to the common-law rule that parents are not liable for their children’s torts.” Kienenberger, 257 Mont. at 118, 848 P.2d at 475. As discussed above, we do not in this case adopt § 316 as “an exception” to the common law nonliability rule. I suspect, however, that our refusal to do so in Kienenberger is commonly read more broadly as rejecting the notion that a parent has a limited duty to control his or her minor child. As a result, I join the Court in overruling the portion of Kienenberger that declines to adopt § 316.